**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 5621 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Joan H. Lefkow |
| AVERY HART, EILEEN COUTURE, | ) | |
| DR. SIMS, MICHAEL PUISIS, | ) | |
| PARTHA GHOSH, ARTHUR FUNK, | ) | |
| THOMAS DART, TERRY McCANN, | ) | |
| JORGE PRIETO, and RICHARD KEEN | ) | |
| in their individual and official | ) | |
| capacities; and ROGER WALKER in his | ) | |
| official capacity | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS SHERIFF DART, Dr. HART, DR. COUTURE, DR. KEEN, and PA-SMITH'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COME Defendants, Sheriff Thomas Dart, Dr. Avery Hart, Dr. Eileen Couture, Dr. Richard Keen, and PA-Kevin Sims[1], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss Plaintiff's Third Amended Complaint for failure to state a claim upon which relief may be granted. In support of this motion Defendants state the following:

**INTRODUCTION**

Plaintiff, a pretrial detainee at the Cook County Department of Corrections (CCDOC), brings this action pursuant to 42 USCS § 1983 alleging that Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. (Plaintiff's Third Amended Complaint p. 2, 11). In particular, Plaintiff alleges that Defendants Sheriff Dart,

---

[1] Physician Assistant ("PA") Kevin Sims has been incorrectly named "Dr. Sims" in Plaintiff's original, first amended, second amended, and third amended Complaint.

Dr. Hart, and Dr. Couture are liable in both their individual and official capacities because they either "knew that Plaintiff had a serious medical condition" or established a "policy or allowed a de facto policy of denying procedures needed to treat serious medical conditions." (Complaint p.2-4). However, Plaintiff's allegations are not supported by any factual assertions and are exactly the type of "legal conclusions" that to do not warrant a "presumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-1951 (2009).

Plaintiff's claims against PA Sims in his individual and official capacities are equally meritless. In particular, Plaintiff alleges that PA Sims (incorrectly named Dr. Sims) "has the authority to prescribe medication for detainees at the Jail." (Complaint p. 3). However, Plaintiff fails to allege that PA Sims either personally treated him, or was involved in instituting a policy that led to his injuries. (Complaint p.3). Finally, Plaintiff 's claim against Dr. Keen in his official capacity is baseless where he fails to allege that Dr. Keen instituted or knew of any policy, custom, or practice that deprived individuals of medically necessary surgeries. (Complaint p.5).

## **STANDARD OF REVIEW**

Under Rule 12(b)(6), a claim may be dismissed if, as a matter of law, it is clear that no relief could be granted under any set of fact that could be proved consistent with the allegations. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Nevertheless, while a district court will dismiss a complaint when no relief can be granted under a set of facts consistent with the allegations, the court should not strain to find inferences not plainly apparent from the face of the complaint. *Hishon* 467 U.S. at 73; *Coates v. Illinois State Bd. Of Educ.*, 559 F.2d 445 (7th

Cir. 1977). Furthermore, it should be noted that "litigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

I.     **Plaintiff has not sufficiently alleged a cause of action against the Defendants in their official capacities**

Plaintiff has not sufficiently alleged official liability claims against Defendants Sheriff Dart, Dr. Hart, Dr. Couture, Dr. Keen, and PA-Sims. It is well settled that governmental employees cannot be held liable in their official capacities in a Section 1983 action unless a plaintiff can show that he suffered injuries of a constitutional magnitude as the result of an official custom, policy, or practice. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). Courts have identified three instances in which a municipality can be said to have violated the rights of a person because of its policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a 'custom or usage' with the force of law;" or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Baxter by Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). More importantly, a plaintiff must demonstrate that a municipality, through its own deliberate conduct, was the moving force behind the alleged injury. *County Comm'r of Bryan County v. Brown, 520 U.S. 397, 404* (1997); *Polk County v. Dodson,* 454 U.S. 312 (1981). An official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). In addition, a single allegation of wrongdoing on the part of the defendant is insufficient to establish a policy, custom, or practice. *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994). Although a plaintiff is not held to a heightened standard of pleading in order to

state a *Monell* claim, his official capacity claim must at a minimum include allegations in conclusory language that a policy existed, buttressed by facts alleging wrongdoing by the governmental entity. *McCormick v. City of Chicago*, 230 F. 3d 319, 325 (7th Cir. 2000).

In 2007, the Supreme Court retooled its interpretation of the pleading standards in the context of a motion to dismiss. *See Twombly*, 550 U.S. 553-554, 558-559. In *Twombly*, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 553-556 (brackets omitted). The Court found that the plaintiffs' assertion of an unlawful violation of Section 1 of the Sherman Act was a "legal conclusion." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The Court further found that plaintiff's nonconclusory "factual allegation of parallel behavior … did not plausibly suggest an illicit accord because it was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed free-marked behavior." *Id. citing Twombly,* 550 U.S. at 567.

The Court went on to find that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id. at* 1965. In so holding, *Twombly* retired the oft-quoted statement from *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that a complaint survives a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 550 U.S. at 560-561 (*quoting Conley*, 355 U.S. at 45-46); *see Iqbal,* 129 S. Ct. at 1944.

More recently in *Iqbal*, the Supreme Court explained the FRCP 8 pleading requirements in the context of *Biven* and Section 1983 claims against government officials in their individual and official capacities. *Iqbal*, 129 S. Ct. 1940. In particular, Iqbal alleged that defendants Attorney General Ashcroft and Federal Bureau of Investigations (FBI) Director Mueller "agreed

to subject him to harsh conditions as a matter of policy, solely on account of discriminatory factors" and that "Ashcroft was that policy's 'principal architect'; and that Mueller was "'instrumental' in its adoption and execution." *Id.* at 1939. However, the Court found that these claims were "conclusory and not entitled to be assumed true." *Id.* at 1940. The *Iqbal* opinion further explained that while a court "must accept the factual allegations in the pleadings as true" and must liberally construe the claims in the light most favorable to the plaintiff, the courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 561, *Iqbal,* 129 S. Ct. at 1949-1950.

The *Iqba* Court based this holding on two "working principles" underlying the Court's decision in *Twombly*. *Id.* at 1949. First, a court's requirement to accept true all of the allegations contained in a complaint is inapplicable to legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, only a complaint that states a "plausible claim" can survive a motion to dismiss. *Id.* at 1949-1950. Specifically, the Court stated:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." [internal citations omitted]. *Id. citing Fed. Rule. Civ. Proc. 8(a)(2).*

In the present case, it is abundantly clear that Plaintiff's "conclusory" allegations that Defendants Sheriff Dart, Dr. Hart, and Dr. Couture established a "policy or allowed a de facto policy of denying procedures needed to treat serious medical conditions", is insufficient according to FCRP 8 because they are not supported by any well-plead facts alleged in Plaintiff's Complaint. (Complaint p.2-4).

In that Complaint, Plaintiff goes to great pains to provide a detailed and presumptively exhaustive rendition of the medical treatment he received while detained at the Illinois Department of Corrections ("IDOC") and Cook County Department of Corrections ("CCDOC"). However, absolutely nowhere in the seven (7) pages of "statement of facts common to all counts" does Plaintiff allege that Defendants Sheriff Dart, Dr. Hart, or Dr. Couture were ever made aware through their subordinates of Plaintiff's medical condition, or that Plaintiff ever attempted to contact the Defendants in any way, shape, or form. (Complaint, p. 6-12). In fact, Plaintiff's "statement of facts" fails to allege that the above Defendants had any personal contact with Plaintiff whatsoever.

Instead, Plaintiff's "statement of facts" merely alleges that various doctors from both Cermak Hospital and Stroger Hospital arbitrarily decided that Plaintiff did not require surgery. *Id.* These allegations in no way "plausibly suggest" that the doctor(s) decision as to whether or not to operate on Plaintiff was part of a "policy or practice" personally instituted by Defendants Sheriff Dart, Dr. Hart, or Dr. Couture. As a result, Plaintiff's conclusory allegations are insufficient to satisfy the pleading requirement established in FRCP 8 and explained in *Iqbal.*

Assuming *arguendo* that this Court does find that Plaintiff has provided well-pleaded factual allegations, a cursory review of the Complaint establishes that it does not "plausibly suggest an entitlement to relief." *Iqbal,* 129 S. Ct. at 1951. As stated above, the *Iqbal* Court held that "determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1949-1950. However, when the "well-pleaded" facts do not allow the court to "infer more than the mere possibility of misconduct," the complaint has not "show[n] … that the pleader is entitled to relief." *Id.; citing Fed. Rule. Proc. 8(a)(2).*

In the present matter, this Court can draw from its "judicial experience and common sense" in coming to the realization that neither Sheriff Dart, Dr. Hart, nor Dr. Couture (all administrators) have anything to do with whether or not treating physicians at Stroger Hospital decided to perform surgery on Plaintiff. In fact, this Court is well aware that Sheriff Dart is responsible for the operation of the CCDOC, and in no way determines the policies or practices of Cermak Health Services, let alone Stroger Hospital. The Court is also aware that Dr. Hart and Dr. Couture, both present and former administrators at Cermak Health Services, have no influence over whether or not independent doctors at Stroger Hospital perform Plaintiff's surgery. Therefore, Plaintiff's presumptively "well-pleaded" facts do not provide anything to "plausibly suggest an entitlement to relief."

Plaintiff's claims against PA Sims and Dr. Keen in their official capacities are even more baseless. In particular, Plaintiff alleges that PA Sims (incorrectly named Dr. Sims) "has the authority to prescribe medication for detainees at the Jail." (Complaint p. 3). However, Plaintiff fails to allege that PA Sims was involved in instituting policy, or was aware of any such policy, that led to his Plaintiff's injuries. (Complaint p.3). Finally, Plaintiff 's claim against Dr. Keen in his official capacity is baseless where he fails to allege that Dr. Keen instituted or knew of any policy, custom, or practice that deprived individuals of medically necessary surgeries. (Complaint p.5).

In the present case, Plaintiff fails to allege any facts, which support the conclusions that the Defendants Sheriff Dart, Dr. Hart, Dr. Couture, Dr. Keen, or PA Sims acted with deliberate indifference by maintaining or failing to maintain official policies, procedures, or customs that resulted in Plaintiff's injuries. Plaintiff's conclusory pleadings are precisely those prohibited by *Iqbal*, and his claims against Defendants in their official capacities should be dismissed.

II.     **Plaintiff has not sufficiently alleged a cause of action against the Defendants in their individual capacities**

Plaintiff has not sufficiently alleged individual liability claims against Defendants Sheriff Dart, Dr. Hart, Dr. Couture, or PA-Simms.  To hold a defendant individually liable for damages due to alleged constitutional deprivations, substantive allegations of personal involvement on the part of the defendant must be stated. *Potter v. Clark,* 497 F.2d 1206 (7th Cir. 1974).   The Seventh Circuit reaffirmed that "an *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."  *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993), *citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original).  A Plaintiff must demonstrate that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by his action of his failure to act." *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986).  Without a showing of direct responsibility for the improper action, liability will not lie against a supervisory official. *Hildebrandt v. Ill. Dep't of Natural Res*. 347 F.3d 1014, 1039 (7th Cir. 2003).  A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary. *Id.*  In short, individual liability for damages under § 1983 is predicated upon personal responsibility. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).

A successful § 1983 claim requires an Estate on behalf of a decedent to prove two things: (1) that the harm to the decedent was objectively, sufficiently serious and a substantial risk to his health or safety, and (2) that the individual defendants were deliberately indifferent to decedent's health and safety. *Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003). In order to state a cognizable constitutional claim, Plaintiff must establish that Defendants acted or failed to act with deliberate indifference despite knowledge of a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The court in Farmer analogized deliberate

indifference to criminal recklessness. *Id.* at 838. "An act is reckless in the pertinent sense when it reflects complete indifference to risk-when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death." *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988) (en banc). Mere negligence or even gross negligence does not amount to deliberate indifference. *Id.* Thus, it is not sufficient to show that a defendant merely failed to act reasonably to Plaintiff's health concerns. *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991).

Plaintiff does not support his Complaint of deliberate indifference against any of the Defendants with factual allegations; but rather, Plaintiff's Complaint cites legal conclusions without relevant facts supporting any plausible claim for relief. In that Complaint, Plaintiff goes to great pains to provide a detailed and presumptively exhaustive rendition of the medical treatment he received while detained at the Illinois Department of Corrections ("IDOC") and Cook County Department of Corrections ("CCDOC"). However, absolutely nowhere in the seven (7) pages of "statement of facts common to all counts" does Plaintiff allege that Defendants Sheriff Dart, Dr. Hart, Dr. Couture, or PA Sims ever personally treated Plaintiff, or were ever made aware through their subordinates of Plaintiff's medical condition. In fact, Plaintiff's Complaint is devoid of any mention that the above Defendants had *any* contact with Plaintiff whatsoever. Nor does it allege that Plaintiff attempted to contact the above Defendants in any way, shape, or form. (Complaint, p. 6-12).

Instead, Plaintiff's "statement of facts" merely alleges that various doctors from both Cermak Hospital and Stroger Hospital arbitrarily decided that Plaintiff did not require surgery. *Id.* These allegations in no way establish that the Defendants were personally involved in the

medical decision and are insufficient to establish liability against Defendants Sheriff Dart, Dr.

Hart, Dr. Couture, and PA Sims in their individual capacities.

## **CONCLUSION**

WHEREFORE, for the above stated reasons, Defendants are entitled to dismissal as a

matter of law under F.R.C.P. 12(b)(6), and respectfully request that the Honorable Court dismiss

with prejudice, Plaintiff's Third Amended Complaint and all claims therein against Defendants

Sheriff Thomas Dart, Dr. Avery Hart, Dr. Eileen Couture, and PA Kevin Sims in both their

official and individual capacities.  Defendants are also entitled to dismissal as a matter of law

Plaintiff's claims against Dr. Richard Keen in his official capacity.


Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County


/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Il 60602
(312) 603-3124