IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIO DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 5621 |
| | ) | |
| v. | ) | Honorable Joan H. Lefkow |
| | ) | Judge Presiding |
| MICHAEL PUISIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MICHAEL PUISIS AND TERRY McCANN'S
<u>MOTION TO DISMISS</u>**

NOW COME Defendants, MICHAEL PUISIS and TERRY L. McCANN, by and through their attorney, LISA MADIGAN, Attorney General of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6) move this Honorable Court to dismiss plaintiff's Third Amended Complaint. In support thereof, the Defendants state as follows:

1.  Plaintiff filed his original complaint against Cook County. Plaintiff filed an amended complaint on March 29, 2009 adding Michael Puisis and Terry McCann, among others, as defendants. Plaintiff then filed a Second Amended complaint on May 27, 2009 and a Third Amended Complaint on May 29, 2009.

2.  Plaintiff alleges that he was denied proper medical treatment at both the Cook County Department of Corrections and at the Illinois Department of Corrections.

3.  The allegations against the defendants herein do not allege the necessary personal involvement required for constitutional claims. Furthermore, any claims against them in an attempt to impose supervisory liability upon them under the theory of *respondeat superior* are

1

also not actionable.

4. Under the "Parties" section of plaintiff's complaint, Plaintiff alleges that Dr. Michael Puisis was the medical director for the Illinois Department of Corrections and that he can authorize surgeries for detainees at correctional facilities IDOC administers. Plaintiff alleges that he either knew that plaintiff had a serious medical condition that could only be treated with surgery or that he established a policy to deny inmates medical treatment. He is sued in both his individual and official capacities.

5. Plaintiff alleges that Terry McCann, as Warden can authorize surgeries for detainees at NRC. Plaintiff alleges that he either knew that plaintiff had a serious medical condition that could only be treated with surgery or that he established a policy to deny inmates medical treatment. He is sued in both his individual and official capacities.

6. Plaintiff seeks money damages and equitable relief to force the defendants to perform the surgery necessary to treat plaintiff's injury. Plaintiff is no longer in the custody of the Illinois Department of Corrections, so the requested equitable relief would not be available. IDOC houses convicted felons, some of who are also waiting for trials for additional crimes, but they are not detainees for purposes of claims under 42 USC Section 1983 while they are incarcerated within the Illinois Department of Corrections.

7. In order to impose liability on an individual, the plaintiff must show that the individual defendant caused the deprivation of a federal right. *Luck v. Rovenstine*, 168 F.3d 323 (7th Cir. 1999).

8. Section 1983 liability arises only from direct and individual wrongdoing. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); see also *Gentry v. Duckworth,* 65 F.3d 555, 561

(7th Cir. 1995) (citing *Sheik-Abdi v. McClellan,* 37 F.3d 1240, 1248 (7th Cir. 1994)). It is well established that "a defendant's direct personal responsibility for the claimed deprivation...must be established in order for liability to arise" under 42 U.S.C. 1983. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).

9. Plaintiff must establish that the defendant caused or participated in the alleged deprivation of rights. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Section 1983 will not support a claim based on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1982). Plaintiff must demonstrate personal involvement by showing that Defendants knew about the claimed constitutional violation, and "facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye…" *Gentry*, 65 F.3d at 561.

10. By alleging that the Defendants either knew of Plaintiff's condition or established a policy of denying procedures needed to treat serious medical conditions, plaintiff is attempting to impose personal involvement on them. Merely stating legal conclusions, without showing sufficient factual assertions, is not enough to assert the presumption of truth that is required to show a constitutional violation.

11. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, at 1949 (May 18, 2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 555. In *Iqbal*, the Respondent plead that the petitioners "knew of, condoned, and wilfully and maliciously agreed to subject him to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest."

*Iqbal* at p. 1951. The *Iqbal* court held that these bare assertions amount to nothing more than a formulaic recitation of the elements of a constitutional discrimination claim. As such, the allegations are conclusory and not entitled to be assumed true. *Id.* It is the conclusory nature of the allegations that disentitles them to the presumption of truth. *Id.* Here, the Plaintiff makes the same bare recitation of the elements of a constitutional claim, which were found to be insufficient in *Iqbal*. These conclusory allegations that Plaintiff makes should not be afforded the presumption of truth.

12. Plaintiff has not alleged the personal involvement of either defendant Puisis or McCann in an alleged wrongdoing, so plaintiff's claims should be dismissed. Plaintiff's factual allegations in the Third Amended Complaint consist of seven pages about Plaintiff's injury, exhaustion of administrative remedies and failure to provide necessary medical care. Nowhere in these seven pages does the plaintiff allege that the defendants herein had anything to do with his medical care. He does not mention that any of the defendants were made aware, either through himself or any of their subordinates, of his medical condition. There is no indication that the Plaintiff attempted to contact any of these defendants. Neither the Warden nor the Medical Director for the Illinois Department of Corrections have anything to do with whether inmates receive surgery or any other medical treatment while at Statevill, the NRC, Cook County Department of Corrections or Stroger hospital. The threadbare assertions of a policy restricting surgery for inmates is insufficient to state a claim under the standards set out in *Iqbal*.

13. All of the defendants have been sued in their official capacity. A suit against a state official in his official capacity is effectively a suit against the state. *Brandon v. Holt*, 469, 471 (1985); *Kentucky v. Graham,* 473 U.S. 159, 165 (1985); See *Sherman v. Comm. Consol.*

*Dist. 21*, 980 F.2d 437, 440-41 (7th Cir. 1994). A state is not a "person" subject to suit under 42 U.S.C. §1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997); *Power v. Summers*, 226 F.3d 815, 8181 (7th Cir. 2000), and the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). Therefore, any and all claims made against the defendants in their official capacity for compensatory and punitive damages are precluded by the Eleventh Amendment, and should be dismissed with prejudice.

  14. Plaintiff has failed to exhaust his administrative remedies required by the PLRA. The plaintiff went to great lengths to detail the grievances that he filed while in the Cook County Department of Corrections. However, while Plaintiff was incarcerated at the NRC, within the Illinois Department of Corrections, he merely alleges that he repeatedly asked correctional officers in charge for grievance forms, and he was never provided any. Complaint, p. 8. However, Plaintiff also alleges that he was transferred back and forth between The NRC and Cook CountyJail to attend court hearings, but fails to allege that he attempted to file a grievance with the Illinois Department of Corrections while not in their custody. Pursuant to the PLRA and *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008), the defendants are entitled to fully pursue whether the plaintiff exhausted his administrative remedies prior to having to participate in full blown discovery, when exhaustion is raised. Therefore, if this motion to dismiss is not granted on other grounds, the Defendants request that discovery be allowed to proceed on the issue of exhaustion only, and that the defendants be afforded a hearing on the issue of exhaustion prior to proceeding with any other discovery, pursuant to *Pavey*.

  15. As far as any equitable relief that the plaintiff is requesting, those claims should

be dismissed as to these defendants because he is no longer in the custody of the Illinois Department of Corrections, so such equitable relief would not be appropriate.

WHEREFORE, based on the foregoing, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants requests that the third amended complaint be dismissed.

                                              Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois        By:    s/James P. Doran
                                                      JAMES P. DORAN
                                                      Assistant Attorney General
                                                      General Law Bureau
                                                      100 W. Randolph St., 13th Fl.
                                                      Chicago, Illinois 60601
                                                      (312) 814-7202