UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO DIAZ )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AVERY HART, et al, )<br>et al. )<br>)<br>)<br>Defendants. ) | No. 08 cv 5621<br>Judge Joan H. Lefkow |

### **DEFENDANTS DR. PARTHA GHOSH, AND ARTHUR FUNK'S MOTION TO DISMISS**

Defendants, DR. PARTHA GHOSH, and DR. ARTHUR FUNK, by their attorneys, CHARYSH & SCHROEDER, LTD., pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure move this court to dismiss the claims against them and in support thereof state:

### **FAILURE TO STATE A CLAIM**

1. Plaintiff filed his amended complaint on March 9, 2009, adding Dr. Partha Ghosh and Dr. Arthur Funk, among others, as defendants.

2. Plaintiff claims that he was denied proper medical care while incarcerated at the Cook County Jail as well as during an indeterminate time at the Illinois Department of Corrections Reception and Classification Center ("RNC").

3. The allegations against these defendants amount to no more then an attempt to impose supervisory liability on them.

4. Plaintiff alleges Dr. Ghosh is the Medical Director for Stateville Correctional Center as well as the RNC. Plaintiff alleges that as Medical Director Dr.

Ghosh should have sent him out for surgery to his shoulder. Plaintiff does not allege Dr. Ghosh ever actually examined, treated or personally denied plaintiff any treatment.

5. Plaintiff alleges Dr. Funk is the Regional Medical Director for Wexford Health Sources Inc. Plaintiff alleges that as Regional Medical Director Dr. Funk should have sent him out for surgery to his shoulder. Like the allegations against Dr. Ghosh, Plaintiff does not allege Dr. Funk ever actually examined, treated or personally denied him any treatment.

6. All of the defendants are sued in their individual and official capacities.

7. Plaintiff also seeks equitable relief in the form of an order "forcing" the defendants to perform some unidentified surgery on him. According to plaintiff's own allegations, as well as the Illinois Department of Corrections Inmate search, he is not in the custody of the Illinois Department of Corrections.

8. Individual capacity claims seek to impose individual liability upon a government officer for actions taken under color of state law. To establish personal liability in a Sec.1983 action, the plaintiff must show that the officer "caused the deprivation of a federal right." ***Luck v. Rovenstine***, 168 F.3d 323 (7th Cir. 1999)

9. Personal involvement is a prerequisite for individual liability under §1983. ***Kitzman-Kelley, on behalf of Kitzman-Kelley v. Warner***, 203 F.3d 454 (7th Cir., 2000)

10. "The plaintiff who says that the occupant of a given office should have done something (by virtue of office) but neglected to do it, fails for two reasons: most provisions of the bill of rights do not forbid simple neglect, see ***Daniels v. Williams***, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (due process); ***Whitley v. Albers***, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (eighth amendment), and the

constitution does not make supervisory officeholders vicariously liable for the acts and omissions of their subordinates." ***Walker v. Rowe***, 791 F.2d 507 (7th Cir. 1986). *See also* ***Seventh Circuit Pattern Jury Instruction 7.02***, "Plaintiff must prove by a preponderance of the evidence that defendant was personally involved in the conduct that plaintiff complains about."

11. As plaintiff has not alleged personal involvement of Dr. Ghosh or Dr. Funk in the alleged wrongdoing, plaintiff's claims against them must be dismissed.

12. Furthermore, to the extent plaintiff is seeking equitable relief against these defendants, said claims should also be dismissed. According to plaintiff's own complaint, he is not in the custody of the Illinois Department of Corrections and as such any equitable relief against these defendants is inappropriate.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

13. Plaintiff claims he exhausted his administrative remedies by requesting grievance forms from unnamed correctional officers while at the RNC.

14. Pursuant to the Prison Litigation Reform Act ("P.L.R.A."), **42 U.S.C. §1997e(a)**, an inmate is precluded from bringing a claim under 42 U.S.C. §1983 with respect to prison conditions, until such time as all administrative remedies available to the inmate have been exhausted. ***Porter v. Nussle***, 534 U.S. 516, 532, 122 S.Ct. 983 (2002). "A suit filed before administrative remedies have been exhausted must be dismissed." **Perez v. Wisc. Dept. of Corrections**, 182 F.3d 532, 535 (7th Cir. 1999).

15. The Illinois Department of Corrections promulgated a grievance procedure for inmates confined within the Illinois correctional system. Pursuant to these regulations "an offender shall first attempt to resolve incidents, problems, or complaints other than

complaints concerning disciplinary proceedings through his or her counselor." 20 Ill.Adm. Code §504, 810(a)

16. An inmate must exhaust all available administrative remedies before filing a lawsuit challenging prison conditions. **42 U.S.C. § 1997e(a)**; *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002). This means that inmates must follow a state's rules about the content of grievances. *Strong v. David*, 297 F.3d 646, 649 (7th Cir.2002).

17. Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the District Court determines if the plaintiff has properly exhausted his administrative remedies. Once a defendant raises the issue of exhaustion of administrative remedies, all merit discovery must cease until the court determines if the plaintiff has properly exhausted his administrative remedies.

18. In the present case, the plaintiff only claims he requested grievance forms from unnamed corrections officers. This is not even the proper first step for an inmate in the IDOC to exhaust his administrative remedies. As noted above, the first, necessary step is to attempt to resolve the issue with his counselor. Upon information and belief, and based upon a review of documents produced by the IDOC, plaintiff had the opportunity to attempt to resolve this issue with his corrections counselor, but did not. He discussed various other issues with his counselor but never raised the issue of his medical care while at the IDOC. In fact, based upon the documents produced by the IDOC, plaintiff never requested any medical care from any medical professionals while at the IDOC, much less attempting to resolve the issues with his counselor.

19. Pursuant to *Pavey* if the Court does not dismiss plaintiff's claims against this defendant for his failure to state a cause of action, the court should stay all merit discovery and enter a discovery and motion schedule on the exhaustion issue.

WHEREFORE, defendants, DR. PARTHA GHOSH, and DR. ARTHUR FUNK respectfully request this Honorable Court grant their motion and dismiss the claims against them, or, in the alternative, enter a schedule for discovery and motions concerning the exhaustion of plaintiff's administrative remedies, and grant such further relief as the Court deems just and proper.

CHARYSH & SCHROEDER, LTD.


  /s/Richard A. Tjepkema


CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on August 20, 2009.

By: s/ Richard A. Tjepkema
Attorney for Defendants