# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5621 | **DATE** | 9/1/2010 |
| **CASE TITLE** | Diaz vs. Hart, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motions [113, 115, 117] for a *Pavey* hearing are granted. Evidentiary hearing held. The court finds that the Cook County defendants have not met their burden of establishing the threshold defense of failure to exhaust administrative remedies but that the State defendants, Drs. Funk, Ghosh, and Puisis, have. Diaz's claims against Drs. Funk, Ghosh, and Puisis are dismissed without prejudice. Arthur Funk, Partha Ghosh, and Thomas Puisis are dismissed as defendants in this case. This case is set for a status hearing on October 7, 2010 at 8:30 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Pozo* v. *McCaughtney*, 286 F.3d 1022, 1023 (7th Cir. 2002) ("Unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred."). The exhaustion requirement is to allow "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter* v. *Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002); *Dole* v. *Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("'The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins.'" (quoting *Cannon* v. *Washington*, 418 F.3d 714, 719 (7th Cir. 2005))). Since failure to exhaust is an affirmative defense, prison officials bear the burden of proof. *Jones* v. *Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Conyers* v. *Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Moreover, no futility exception to the PLRA's exhaustion requirement exists. *See Perez* v. *Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). To comply with the PLRA, a prisoner who wishes to complain about prison conditions must first ensure that all "administrative remedies as are *available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The case law is not settled on how "available" should be defined, but a plaintiff's claims will not be dismissed where "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809 (citing *Lewis* v. *Washington*, 300 F.3d 829, 833 (7th Cir. 2002)).

In accordance with *Pavey* v. *Conley*, 544 F.3d 739, 742 (7th Cir. 2008), which requires the court to determine exhaustion as a threshold matter, a hearing on exhaustion was held August 11, 2010. Diaz testified that he filed around eleven grievances while at the Cook County Jail. Although he did not receive responses

| STATEMENT |
|---|

to all the grievances he filed, those he did receive referred him to the division physician. He testified that he did not appeal because the responses were positive and he was told by the physicians he saw that he would be scheduled for surgery. John Mueller, a Cook County Department of Corrections employee, testified that there were no grievances from Diaz on file between January and May 2008.

With respect to grievances at the Northern Reception and Classification Center ("NRC"), an IDOC intake facility associated with Stateville Correctional Center, Diaz's testimony was internally inconsistent. He stated both that he was not provided with grievance forms even though he requested them and that he filed two grievances in 2008 complaining about his shoulder and his need for surgery. One of Diaz's counselors during his time at NRC, Kevin Whittington, testified that he always carried grievance forms with him and that inmates could also get such forms from correctional officers. He could not recall having met Diaz but indicated that he must have had some contact with him due to the fact that Diaz's cumulative counseling summary indicated several face to face contacts. Another IDOC employee testified that she searched grievance records from NRC and Stateville and did not come across any grievances filed by Diaz.

The court finds that Diaz exhausted his administrative remedies with respect to his claims against the Cook County defendants. Before filing his initial complaint with this court naming the Cook County Correctional Center as a defendant, he filed at least two documented grievances while at Cook County Jail. His grievances requested medical treatment. Diaz was referred to the division physician in each response he received. Such a response is not the type that would require an appeal, as on its face it provides Diaz with positive relief. *See Roy* v. *Dominguez*, No. 2:09 CV 239 JM, 2010 WL 1568611, at *3 (N.D. Ind. Apr. 16, 2010) (plaintiff was not required to appeal a positive response to his grievance so as to find exhaustion). Moreover, as in *Barnes* v. *Briley*, 420 F.3d 673, 677 (7th Cir. 2005), Diaz "*has* no more remedies to exhaust."

On the other hand, the court concludes that the State defendants, Drs. Funk, Ghosh, and Puisis, have carried their burden to establish that Diaz did not exhaust available administrative remedies while at NRC. In ruling on the defendants' motions to dismiss, based on Diaz's allegations that he was not provided with any grievance forms despite repeated requests, the court concluded that administrative remedies were made unavailable to Diaz and that he could proceed with his suit. At the hearing, however, Diaz was vague about whether and when he filed grievances. He testified that he filed two while at NRC in 2008 about his shoulder injury and that he received no response to either. Diaz's prison records, including his cumulative counseling summary, do not show a record of a grievance having been filed. Counselor Whittington testified that he had no present memory of encounters with Diaz; neither would he have known of Diaz's contacts with another counselor. Whittington testified that he routinely carried grievance forms with him as he made rounds and made contemporaneous notes of conversations with inmates. His notes reflect encounters with Diaz but do not indicate that Diaz complained to him about his shoulder pain. Under regular procedure, if a written grievance was submitted (to a counselor or corrections officer), the counselor would attempt to resolve it with the inmate. No written record of the grievance would necessarily be made at this point. If the inmate was not satisfied, the counselor or a corrections officer was to forward a written grievance to a grievance officer. Although the evidence is scanty, it weighs in favor of a finding that Diaz did not submit a grievance to a counselor or officer at NRC. At the time, he was being transported back and forth to Cook County Jail; he had pending grievances or promises that he would be cared for there and likely relied on those events to pursue a resolution of his problem. Diaz was aware of and had experience with the grievance process, so knew how to pursue his administrate remedy. For these reasons, the court is persuaded that the State defendants should be dismissed without prejudice. *See Ford* v. *Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*[A]ll* dismissals under § 1997e(a) should be without prejudice.").